# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO: 8:24-cr-165-CEH-SPF

MARCO GAUDINO

_____

## ORDER

This cause came on for consideration upon Defendant's Unopposed Motion for Reconsideration of Court's June 5, 2025 Order Denying Joint Motion to Continue Sentencing (Doc. 46), filed on June 6, 2025. In support of the motion, defense counsel indicates that Defendant committed the offense charged in this case when he was 21 years old. Defendant has no prior criminal history and has never previously been arrested. The victims of Defendant's and his co-conspirator Timothy Burke's unlawful access of protected computers is Fox News Corporation and LiveU. LiveU has alleged that they have suffered a loss of $681,654.00. Similarly, Fox News Corporation has alleged that they suffered a loss of $711,359. Given the alleged combined loss figure of $1,393,013, as well as other guideline enhancements, the United States Probation Office has suggested that Defendant is facing an advisory guideline imprisonment range of 37 – 46 months. Defense counsel objects to the loss figures claimed by Fox News Corporation and LiveU and has requested a line-item accounting from both victims, which has not yet been received from the Government. Counsel anticipates that the sentencing hearing will be contested as to the claimed victims' loss figures and

contends that while the guidelines are advisory, for Defendant to receive a substantial assistance motion from the Government, which will lower his advisory imprisonment range, is imperative given Defendant's youth, lack of sophistication, and Autism related impaired social skills which are likely to adversely affect him during any period of imprisonment. Defense counsel is fearful that Defendant will be adversely affected at his sentencing hearing because of factors beyond his control, which has caused the need for his sentencing hearing to be continued so that he could place himself in the best light to receive full credit for his future truthful cooperative efforts. Further, counsel argues that given Defendant's current advisory sentencing range, the full benefit of the Government's "substantial assistance" motion could make the difference between an advisory range calling for sentencing options which provide for alternatives to imprisonment and one that recommends several years of imprisonment. For these reasons, counsel requests that Defendant's sentencing hearing be continued to a date after the completion of the co-conspirator's September 9, 2025 date certain trial. The Court has been advised that the Government does not oppose the Defendant's motion and joins in the requested relief. Having considered the matter, the Court will deny the motion. Defendant has not made any new arguments that warrant reconsideration of the Court's order denying the motion to continue the sentencing hearing. To the extent the sentencing hearing will be contested, the Court will reschedule the sentencing hearing for another date in July that will allow for the testimony of witnesses. Accordingly, it is now,

**ORDERED:**

1. Defendant's Unopposed Motion for Reconsideration of Court's June 5, 2025 Order Denying Joint Motion to Continue Sentencing (Doc. 46) is **DENIED**.

2. Counsel are directed to advise the Court's Courtroom Deputy Clerk, by June 11, 2025, of the amount of time needed for a contested sentencing hearing.

3. The Court will schedule the sentencing hearing at a time and date in July 2025 to accommodate the hearing.

**DONE AND ORDERED** in Tampa, Florida, on June 6, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies:
Counsel of Record
United States Probation
United States Pretrial Services