UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:24-cr-165 CEH-SPF

MARCO GAUDINO
_____/

EMERGENCY UNOPPOSED MOTION TO AMEND JUDGMENT
AND/OR MODIFY TERMS OF PROBATION

**COMES NOW**, the Defendant, MARCO GAUDINO, through undersigned counsel and pursuant to Federal Rules of Criminal Procedure Rule 35(a), 32.1(c) and/or 18 U.S.C. §3563(c) moves this Honorable Court for its Order Amending the Judgment and/or modifying the terms of his supervised release related to the method by which he is supervised while serving the Home Detention condition of his probation.

1. On August 6, 2025, Mr. Gaudino, who is on the Autism Spectrum was sentenced by this Court to a five-year term of probation with a special condition he serve 12 months of home detention. Doc. 61. Specifically, Additional Conditions of Probation number 6, reads:

> Defendant shall participate in the Home Detention program for a period of **TWELVE (12) MONTHS.** During this time, Defendant will remain at Defendant's place of residence except for employment and other activities approved in advance by the Probation Office. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the

requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Office. Further, Defendant shall be required to contribute to the cost of these services not to exceed an amount determined reasonable by the Probation Office based on the Defendant's ability to pay.

2. Upon Mr. Gaudino's return to the Western District of Washington consistent with his Judgment Mr. Gaudino was placed on Home Detention with a GPS monitoring device affixed to his ankle.

3. As detailed in the attached Under Seal August 13, 2025 Letter from Mr. Gaudino's Treatment Provider wearing a GPS monitoring device affixed to his ankle as part of his home detention is resulting in significant adverse consequences given Mr. Gaudino's Autism Spectrum Disorder. *See* Under Seal Attachment A.

4. There exist methods for monitoring Mr. Gaudino's compliance with his home detention conditions other than the wearing of a GPS device affixed to his body, such as Voice Recognition or Virtual Mobile Monitoring Application which will not adversely affix Mr. Gaudino's ASD symptoms.

5. To avoid the adverse consequences Mr. Gaudino is presently suffering, it is respectfully requested that the Court Amend the Judgment and/or modify his conditions of probation to read:

> Defendant shall participate in the location monitoring program, within the home detention component, for a period of **TWELVE (12) MONTHS** and must follow the rules and regulations of the monitoring program. Defendant shall be restricted to his residence every day,

except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer. The monitoring technology will be at the discretion of the probation office, which may include Voice Recognition or Virtual Mobile Monitoring Application **but shall not** include any monitoring equipment which affixed to his person. Further, the Defendant shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the probation office based on your ability to pay.

6. Undersigned counsel has consulted with Assistant United States Attorney Jay Trezevant, who represents the government, and he has advised that the government has no objection to the relief requested by Mr. Gaudino.

## MEMORANDUM OF LAW

Federal Rules of Criminal Procedure Rule 35(a), 32.1(c) and/or 18 U.S.C. §3563(c) authorize this Court to Amend Mr. Gaudino's Judgment as it relates to the method by which he will be monitored while on home detention.

**WHEREFORE**, the Defendant, MARCO GAUDINO, respectfully moves this Honorable Court to Amend his Judgment as described above regarding technological methods by which he may be supervised while on home detention to accommodate his Autism Spectrum Disorder.

DATED this 15th day of August 2025.

Respectfully submitted,

A. FITZGERALD HALL, ESQ.
ACTING FEDERAL DEFENDER

*/s/ Adam B. Allen*
Adam B. Allen, Esq.
Florida Bar No.0998184
Assistant Federal Defender
400 North Tampa Street
Suite 2700
Tampa, Florida 33602
Telephone:  (813) 228-2715
Facsimile:   (813) 228-2562
Email:  adam_allen@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of August 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

AUSA Jay Trezevant

*/s/ Adam B. Allen*
Adam B. Allen, Esq.
Assistant Federal Defender

4