# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:24-cr-165-CEH-SPF

MARCO GAUDINO

_____/

## ORDER

This cause came before the Court on Defendant's Emergency Unopposed Motion to Amend Judgment and/or Modify Term of Probation pursuant to Federal Rules of Criminal Procedure Rule 35(a), 32.1(c) and/or 18 U.S.C. 3563(c), as it relates to the method by which Defendant is supervised while serving the Home Detention condition of his probation. In support of the motion, defense counsel indicates that Defendant, who is on the Autism Spectrum, was sentenced on August 6, 2025 to a five-year term of probation with special conditions which include, *inter alia*, that Defendant participate in the Home Detention program for a period of twelve (12) months, wear an electronic monitoring device, and follow the electronic monitoring procedures specified by the Probation Office. Consistent with the Judgment, Defendant was placed on Home Detention with a GPS monitoring device affixed to his ankle. But, as detailed in a sealed letter from Defendant's Treatment Provider (S-Doc. 68), the GPS monitoring device interferes adversely with Defendant's therapeutic and rehabilitative goals. Defense counsel requests that the Court amend the Judgment and/or modify Defendant's conditions of probation and impose an alternative method

for monitoring Defendant's compliance with the Home Detention conditions other than Defendant wearing a GPS device affixed to his body, such as Voice Recognition or Virtual Mobile Monitoring Application. Counsel recommends an amendment to the Judgment to read as follows:

> Defendant shall participate in the location monitoring program, within the home detention component, for a period of **TWELVE (12) MONTHS** and must follow the rules and regulations of the monitoring program. Defendant shall be restricted to his residence every day, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the probation officer. The monitoring technology will be at the discretion of the probation office, which may include Voice Recognition or Virtual Mobile Monitoring Application **but shall not** include any monitoring equipment which affixed to his person. Further, the Defendant shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the probation office based on your ability to pay.

The Court has been advised that the Government has no objection to the relief requested by Defendant. Accordingly, it is hereby,

**ORDERED**

1. Defendant's Emergency Unopposed Motion to Amend Judgment and/or Modify Term of Probation (Doc. 65) is **GRANTED**.

2. An Amended Judgment in a Criminal Case will be entered to reflect the change in the method by which Defendant is supervised while serving the Home Detention condition of his probation.

3. All other terms and conditions of the original Judgment, dated August 6, 2025, will remain in effect.

**DONE AND ORDERED** in Tampa, Florida on August 20, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:   Counsel of Record
United States Marshal
United States Probation