Marco Gaudino
8:24-cr-165-CEH-SPF

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case Number: 8:24-cr-165-CEH-SPF |
| v. | USM Number: 11031-511 |
| **MARCO GAUDINO** | Adam Benjamin Allen, AFPD |

## AMENDED JUDGMENT IN A CRIMINAL CASE
*(Amended to reflect a change in the method by which Defendant is supervised)*

Defendant pleaded guilty to Count One of the Information. Defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Acts Against the United States | May 2023 | One |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment: August 6, 2025

Charlene Edwards Honeywell
United States District Judge

August 20, 2025

Marco Gaudino
8:24-cr-165-CEH-SPF

## PROBATION

Defendant is hereby placed on probation for a term of **FIVE (5) YEARS**.

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. Defendant shall make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.
6. Defendant shall pay restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.
7. Defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.
8. If this judgment imposes a fine, Defendant shall pay in accordance with the Schedule of Payments sheet of this judgment.
9. Defendant shall notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

Defendant shall comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Marco Gaudino
8:24-cr-165-CEH-SPF

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer.
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**.
10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

Marco Gaudino
**8:24-cr-165-CEH-SPF**

11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.
13. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____          Date:_____

Marco Gaudino
8:24-cr-165-CEH-SPF

## ADDITIONAL CONDITIONS OF PROBATION

Defendant shall also comply with the following additional conditions of probation:

1. Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

2. Defendant shall have no contact, direct or indirect, with victims identified in Count One of the Information or the Offense Conduct section of the Presentence Investigation Report.

3. Defendant shall submit to a search of his person, residence, place of business, any storage units under Defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

4. Internet restrictions, including participating in any conduct similar to the instant offense, will be enforced.

5. Defendant waives his Fourth Amendment Rights and consents to the search of his person, property, computer, and premises at any time by the United States Probation Officer or any law enforcement agent at the request of the United States Probation Office.

6. Defendant shall participate in the location monitoring program, within the home detention component, for a period of **TWELVE (12) MONTHS** and must follow the rules and regulations of the location monitoring program. Defendant shall be restricted to his residence every day, except for employment, court-ordered obligations, and other activities, which are preapproved by the Probation Officer. The monitoring technology will be at the discretion of the Probation Office, which may include Voice Recognition or Virtual Mobile Monitoring Application but shall not include any monitoring equipment that is affixed to Defendant's person. Further, Defendant shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office based on Defendant's ability to pay.

7. Having been convicted of a qualifying felony, Defendant must cooperate in the collection of DNA, as directed by the Probation Officer.

**Marco Gaudino**
**8:24-cr-165-CEH-SPF**

8. The mandatory drug testing requirements of the Violent Crime Control Act are suspended. However, Defendant must submit to random drug testing not to exceed 104 tests per year.

9. The determination of restitution is deferred. Pursuant to Title 18 U.S.C. §3664(d)(5), a date for the final determination of victim losses shall be under a separate order and will not exceed 90 days.

Marco Gaudino
8:24-cr-165-CEH-SPF

## CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| **Assessment** | **Restitution** | **Fine** | **AVAAAssessment**[*] | **JVTAAssessment**[**] |
|---|---|---|---|---|
| $100.00 Due Immediately | DEFERRED | WAIVED | N/A | N/A |

The determination of restitution is deferred. A restitution hearing will be held on October 28, 2025, at 11:00 a.m. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

## SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

---

[*] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[**] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[***] Findings for the total amount of losses, are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Marco Gaudino**
**8:24-cr-165-CEH-SPF**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets that are subject to forfeiture as previously identified in the Order of Forfeiture (Doc. 34) and any subsequent orders.